**CT Corporation**

**Service of Process Transmittal**
01/11/2022
CT Log Number 540867563

TO: KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

RE: **Process Served in South Carolina**

FOR: WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Ruiter Cindy // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Interrogatories, Requests |
| **COURT/AGENCY:** | Berkeley County Court of Common Pleas, SC<br>Case # 2021CP0802647 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 01/03/2019 - Wal-Mart Supercenter Facility<br>#2928 - 605 Saint James Avenue in Goose Creek (Berkeley County), South Carolina |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/11/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | John W. Aylor<br>Joye Law Firm, L.L.P.<br>5861 Rivers Avenue<br>North Charleston, SC 29406<br>843-725-4260 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/12/2022, Expected Purge Date: 01/17/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



CERTIFIED MAIL

9414 7266 9904 2188 4105 39
RETURN RECEIPT REQUESTED



UNITED STATES POSTAGE
02 1P        $ 0
0000940867      JA
MAILED FROM ZIP C

 JOYE
LAW FIRM

5861 Rivers Avenue
North Charleston, SC 29406

Via Certified Mail – Return Receipt Requested
C T Corporation System
Registered Agent for Walmart Inc. (f/k/a Wal-Mart Stores, Inc.)
2 Office Park Court, Suite 103
Columbia, South Carolina 29223



Charleston   Summerville   Myrtle Beach
Columbia   Clinton

Please Reply To:
Joye Law Firm, L.L.P.
5861 Rivers Avenue (29406)
P.O. Box 62888
North Charleston, SC 29419-2888

TEL: (843) 554-3100
FAX: (843) 574-8830
TOLL FREE: 888-324-3100
WEB: www.joyelawfirm.com

John W. Aylor
Email: jaylor@joyelawfirm.com

January 6, 2022

**Via Certified Mail – Return Receipt Requested**
C T Corporation System
  Registered Agent for Walmart Inc. (f/k/a Wal-Mart Stores, Inc.)
2 Office Partk Court, Suite 103
Columbia, South Carolina 29223

Re:    Cindy Ruiter vs. Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP;
Wal-Mart Supercenter Facility #2928
Case Number: 2021-CP-08-02647
Date of Incident:   1/3/2019

Dear  Sir and/or Madam:

Enclosed please find the Summons and Complaint in the above-referenced matter.  I have also
enclosed Plaintiff's Interrogatories to Defendant and Plaintiff's Requests for Production to
Defendant regarding the same.  The foregoing are hereby being served upon you for service of
process in South Carolina.

Please forward these documents to liability claims adjuster, Elisa Velasquez at Walmart Claims
Services, Inc., referencing claim number 8688102.  Ms. Velasquez's telephone number is (800)
527-0566.

Very truly yours,

**JOYE LAW FIRM, L.L.P.**

John W. Aylor

JWA/bas
Enclosures

STATE OF SOUTH CAROLINA
COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-08-_____

Cindy Ruiter,

                    Plaintiff,

vs.

Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP; Wal-Mart Supercenter Facility # 2928,

                    Defendants.

**SUMMONS**
(*Premises Liability*)
**(Jury Trial Requested)**

**TO THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 5861 Rivers Avenue, North Charleston, South Carolina 29406, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to Answer the Complaint within the time aforesaid, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Complaint.

                    **JOYE LAW FIRM, L.L.P.**

By:    _____*/s/ John W. Aylor*_____
        John W. Aylor
        SC Bar No.: 104469
        5861 Rivers Ave.
        North Charleston, SC 29406
        Office: 843-725-4260
        Fax: 843-529-9180
        Email: jaylor@joyelawfirm.com
        *Attorneys for Plaintiff*

North Charleston, South Carolina
This 21st day of December, 2021.

ELECTRONICALLY FILED - 2021 Dec 21 12:39 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

1

ELECTRONICALLY FILED - 2021 Dec 21 12:39 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

STATE OF SOUTH CAROLINA
COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-08-_____

Cindy Ruiter,

                    Plaintiff,

vs.

Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP; Wal-Mart Supercenter Facility # 2928,

                    Defendants.

**COMPLAINT**
(*Premises Liability*)
**(Jury Trial Requested)**

Plaintiff hereby alleges and pleads as follows:

1.      Plaintiff is a resident of the State of South Carolina.

2.      Defendants Wal-Mart Stores, Inc., Wal-Mart Inc., Wal-Mart Stores East, LP, and Wal-Mart Supercenter Facility # 2928 ("Wal-Mart Defendants") are foreign corporations that transact business in Berkeley County, South Carolina.

3.      Upon information and belief, Defendant Izetta Roundtree ("Roundtree") is a resident of Berkeley County, South Carolina.

4.      Wal-Mart Supercenter Facility # 2928 is a South Carolina entity located at 605 Saint James Avenue in Goose Creek (Berkeley County), South Carolina.

5.      At all relevant times, the most substantial part of the acts and omissions committed by Defendants giving rise to this action occurred in Berkeley County, South Carolina.

6.      At all relevant times, Wal-Mart Defendants were the owner, operator, and managing entity of Wal-Mart Supercenter Facility # 2928 located at 605 Saint James Avenue in Goose Creek (Berkeley County), South Carolina.

7.      Upon information and belief, at all relevant times, Wal-Mart Defendants were the employer and/or principal of Defendant Roundtree and exercised control over the conduct of

2

ELECTRONICALLY FILED - 2021 Dec 21 12:39 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

Defendant Roundtree and had the right to control the time, manner, method, and performance of Defendant Roundtree's employment and/or work.

8.      Upon information and belief, at all relevant times, Defendant Roundtree was an officer, director, agent, and/or employee of Wal-Mart Defendants and was acting within the course and scope of her employment and/or work with Wal-Mart Defendants as the manager or similarly titled position of the subject store.

9.      At all relevant times, Plaintiff was a business invitee and guest of Defendants and the subject store and properly and lawfully on the store premises.

10.      On January 3, 2019, Plaintiff was seriously injured when she slipped on a foreign substance, that was, and is believed to have been, blackberries, located on the floor around the produce section of the store resulting in Plaintiff falling to the floor.

16.      The condition of the floor around the produce section of the store before and during the subject incident constituted a dangerous, hazardous, and/or unsafe condition that was created by the actions and non-actions of Defendants or in the alternative, Defendants had actual or constructive notice of the condition and knew or should have known that the said condition constituted a dangerous, hazardous, and/or unsafe condition.

11.      At all relevant times, Defendants owed a duty to store patrons, including Plaintiff, to maintain the premises in a safe condition, conduct proper and thorough safety and other inspections of the premises, discover and identify unsafe and dangerous conditions, take safety precautions to warn of or eliminate unreasonable risks of harm to store patrons, including Plaintiff, and to act appropriately so as not to cause injury and damage to store patrons, including Plaintiff.

12.      At all relevant times, Defendants owed a duty to store patrons, including Plaintiff, to maintain, operate, and/or manage the premises in a safe and hazard-free condition and in the event of the existence of a dangerous, hazardous, and/or unsafe condition, Defendants owed a

3

ELECTRONICALLY FILED - 2021 Dec 21 12:39 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

duty to store patrons, including Plaintiff, to warn of such a dangerous, hazardous, and/or unsafe condition and to remove such dangerous, hazardous, and/or unsafe condition.

      13.    Defendants were negligent, grossly negligent, negligent per se, willful, wanton, and reckless and breached the duties owed to Plaintiff in one or more of the following ways:

    a.    Creating dangerous, hazardous, and/or unsafe conditions on the premises;

    b.    Overseeing the creation of dangerous, hazardous, and/or unsafe conditions on the premises;

    c.    Failing to properly and thoroughly inspect the floor around the produce section of the store;

    d.    Failing to properly maintain the floor around the produce section of the store;

    e.    Failing to properly oversee that the floor around the produce section of the store was maintained in a safe condition and free of dangerous, hazardous, and/or unsafe conditions;

    f.    Failing to properly safeguard against dangerous, hazardous, and/or unsafe conditions;

    g.    Failing to warn store patrons, including Plaintiff, of the dangerous, hazardous, and/or unsafe conditions;

    h.    Failing to properly hire, train, supervise, retain, and/or monitor Defendants' employees and agents;

    i.    Failing to properly identify and report dangerous, hazardous, and/or unsafe conditions at the subject store;

    j.    In failing to have, implement, maintain, and/or follow corporate policies regarding the manner in which employees and agents are to carry out duties and responsibilities so that the safety and well-being of store patrons is not jeopardized;

    k.    In failing to adequately hire, train, supervise, and/or monitor the activities of employees and agents at the subject store;

    l.    In failing to follow generally accepted standards of care applicable to the operation of a commercial entity like the subject store;

    m.    In failing to follow generally accepted standards of care applicable to employees and agents;

ELECTRONICALLY FILED - 2021 Dec 21 12:39 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

n.    In violating the industry standard of care for owning, controlling, supervising, operating, and managing a commercial entity like the subject store;

o.    Failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances; and

p.    In such other particulars that may be established during the course of discovery or at the trial of this action.

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff described herein in violation of the statutes, laws, regulations, ordinances, industry standards, customs, and practices of the State of South Carolina and the United States.

14.    That Defendants' negligent, grossly negligent, negligent per se, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff were the direct and proximate cause of the incident and injuries described herein.

15.    That as a direct and proximate cause of Defendants' negligent, grossly negligent, negligent per se, careless, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to her body, mental, emotional, and psychological damage, and loss of enjoyment of life.

16.    Defendants are liable to Plaintiff, including liability under the doctrines of *respondeat superior* and agency, for the negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton conduct of each Defendant and each Defendants' employees, agents, and/or subordinates, such conduct consisting of one or more of the particulars described herein.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for the injuries and damages sustained by Plaintiff described herein in an amount of actual and punitive damages to

be determined by the trier of fact, for the costs of this action, and for such other and further relief

that this Court may deem just and proper.

<div style="margin-left: 40%;">

Respectfully Submitted,

**JOYE LAW FIRM, L.L.P.**

By:        */s/ John W. Aylor*
          John W. Aylor
          SC Bar No.: 104469
          5861 Rivers Ave.
          North Charleston, SC 29406
          Office:  843-725-4260
          Fax:  843-529-9180
          Email: jaylor@joyelawfirm.com

*Attorneys for Plaintiff*

</div>

North Charleston, South Carolina
This 21st day of December, 2021.

ELECTRONICALLY FILED - 2021 Dec 21 12:39 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

STATE OF SOUTH CAROLINA
COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-08-02647

Cindy Ruiter,

                    Plaintiff,

vs.

**Plaintiff's Interrogatories to Defendants**

Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP; Wal-Mart Supercenter Facility # 2928,

                    Defendants.

Pursuant to Rule 33 of the South Carolina Rules of Civil Procedure, Plaintiff hereby requests that Defendants answer, under oath, the following interrogatories within thirty (30) days of the date of service hereof, exclusive of the day of such service. These Interrogatories shall be deemed continuing and shall require timely supplemental answers upon Defendants obtaining responsive information.

## Interrogatories

1.      Identify the names, addresses, and telephone numbers of all persons, regardless of whether Defendants intend to have such persons testify at trial, known to Defendants or Defendants' counsel as having knowledge or information of the facts of the case, set forth a summary sufficient to inform Plaintiff of the important facts known to or observed by such persons, indicate whether written or recorded statements have been taken from the persons, and indicate who has possession of such statements.

1

2.    Set forth a list of photographs, plats, sketches or other prepared documents in possession of Defendants that relate to the claim or the defense in the case.

3.    Set forth the names and addresses of all insurance companies which have insurance coverage, including those companies providing excess/umbrella coverage, relating to the subject claim and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.

4.    List the names and addresses of any expert witnesses whom Defendants propose to use as a witness at the trial of the case.  With respect to each such witness, please provide the following:

(a)    The name, address, and telephone numbers of each expert;

(b)    Identify the subject matter upon which the expert is expected to testify;

(c)    State the opinions to which the expert is expected to testify;

(d)    Furnish a summary of the grounds for each opinion identified in Paragraph (c) and identify all supporting documents for said opinions;

(e)    Identify all documents and materials of any type Defendants have provided to the expert and all documents and materials of any type the expert has provided to Defendants; and

(f)    Identify all documents and materials of any type the expert has in any way utilized, consulted, or reviewed in the subject action, regardless of whether the documents and materials ultimately formed the basis of the expert's opinions.

5.    If Defendants contend that the actions or non-actions of Plaintiff caused or contributed to the subject incident and/or the injuries and damages being claimed by Plaintiff in this action, please provide the following:

(a)    A summary of the facts and circumstances which support the contention, including, but not limited to, a description of each action or non-action on the part of Plaintiff that caused or contributed to the incident and/or the injuries and damages being claimed by Plaintiff;

2

(b)    The names, addresses, and telephone numbers of each person who supports or has knowledge of the contention;

(c)    Identify each statute, regulation, ordinance, industry custom, practice, or standard of care which Defendants believe Plaintiff violated and describe with specificity how the violation contributed to causing the subject incident and/or the injuries and damages being claimed by Plaintiff; and

(d)    A list of all documents which support the contention.

6.    Identify all documents supporting or relating to Defendants' Answer to the Amended Complaint and all defenses asserted by Defendants.

7.    Identify all documents and tangible items of any nature and description which Defendants intend to introduce into evidence or to use for impeachment purposes or as any type of evidence, real or demonstrative, at the trial of this case.

8.    Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all agents, servants, employees, representatives, private investigators, and others who investigated the subject incident.

9.    Identify by date, subject matter, and author all investigative or other reports prepared, compiled, submitted, or made in the regular course of business as a result of the subject incident.

10.    Identify the name, address, and telephone number of any safety or industry organizations of which Defendants are a member.

11.    Identify the titles and authors of all volumes in Defendants' safety library regarding floor maintenance and customer safety.

[Signature on following page]

**JOYE LAW FIRM, L.L.P.**

John Aylor, Esq.
5861 Rivers Avenue
North Charleston, SC 29406
Office:  (843) 554-3100
Facsimile: 843-529-9180
jaylor@joyelawfirm.com
Attorneys for Plaintiff

North Charleston, South Carolina
This 5th day of January, 2022.

4

STATE OF SOUTH CAROLINA
COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-08-02647

Cindy Ruiter,

                         Plaintiff,

vs.

Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-
Mart Stores East, LP; Wal-Mart Supercenter
Facility # 2928,

                         Defendants.

**Plaintiff's Requests for Production to
Defendants**

Pursuant to Rule 34 of the South Carolina Rule of Civil Procedure, Plaintiff hereby requests

that Defendants respond, within thirty (30) days after the service hereof, to the following Requests

and that Defendants produce and permit the Plaintiff to inspect, copy, or photograph, at the offices of

the Plaintiff's attorneys at 5861 Rivers Avenue North Charleston, South Carolina 29406, each of the

following documents or things which may be in the possession, custody, or control of the

Defendants or its attorney which constitutes or contains evidence relating to the claim or defense of

the subject action; further Defendants are requested to allow the inspection of those items as to

which inspection is herein requested.

## Instructions

These instructions apply to all Requests for Production served by Plaintiff, including those

requests previously served by Plaintiff.

1.      Answer each request separately and fully in writing under oath, unless it is objected

to, in which event the reasons for objecting must be stated in place of an answer. The response

should restate the request to which the answer is responding.

1

2.      The requests are continuing in nature. You are required under the South Carolina Rules of Civil Procedure to supplement your responses if additional documents or information are identified or become available during the course of this matter.

3.      In responding to these requests, you must furnish all requested documents not subject to a valid objection that are known by, possessed by, or available to you or subject to your reasonable inquiry including documents in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, you or your attorneys and anyone else otherwise subject to your control. You must also make a diligent search of your records and of other papers and materials in your possession, or available to you, or your representatives.

4.      If for any reason you claim that any document (or part thereof) requested herein need not be produced, including, but not limited to, any claim of work-product or attorney-client privilege, please provide a privilege log identifying any and all such documents and describing the legal and factual basis for your claim in sufficient detail so as to permit the court to adjudicate the validity of that claim. In addition, for each such document, set forth the following information in the privilege log:

    a)      the name of the sender(s);

    b)      the name of the author(s);

    c)      the name of the person(s) to whom copies were sent at any time;

    d)      the job title of each person named in (a), (b), and (c) above;

    e)      the date of the document; and

    f)      the nature and title of the document (e.g., letter, memorandum, etc.).

5.      If any document was, but is no longer, within your possession, custody or control, state the approximate date of the disposition thereof and describe in a manner calculated to be understood by Plaintiffs the circumstances surrounding each disposition.

6.      Production Format:

a.      <u>TIFF/Native File Format Production</u>. Documents will be produced as single-page TIFF images with corresponding multi-page text, or in native file format document if applicable, and necessary load files. Native files, along with corresponding metadata, will be preserved. TIFF images will be of 300 dpi quality or better. The load files will include an image load file as well as a metadata (.dat) file with the metadata fields identified below on the document level to the extent available.

b.      <u>Metadata</u>. You have no obligation to create or manually code fields that are not automatically generated by the processing of the ESI, that do not exist as part of the original metadata of the document, or that would be burdensome or costly to obtain. For email, you shall provide the following metadata fields associated with each document produced, to the extent they are reasonably available: Custodian[1], File Path, Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Hash Value (such as MD5 or SHA-1), File Size, Bates Number Begin, Bates Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof), and Group ID/Family ID. For electronic documents, you shall provide the following metadata fields associated with each document produced, to the extent they are reasonably available: Custodian, File Path, Filename, Author, Date Created, Date Modified, Hash Value (such

---

[1] Custodian may include a non-human data source, such as an archive. A Duplicate Custodian field may also be provided that identifies each custodian from which a document was collected but was suppressed as a duplicate.

as MD5 or SHA-1), File Size, File Extension, Bates Number Begin, Bates Number End, and Group ID/Family ID.

   c. <u>Structured Databases</u>. To the extent you have responsive information that is contained on structured databases, please notify us and we can meet and confer regarding the format of such production.

   d. <u>Appearance</u>. Subject to appropriate redaction, each document's electronic image will convey the same information and image as the original document, including formatting, such as bolding, font size, and italics.

   e. <u>Document Numbering</u>. Each page of a produced document will have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal or interfere with any information from the source document. The Bates Number for each page of each document will be created so as to identify the producing party. In the case of materials redacted or deemed confidential in accordance with any applicable federal, state, or common law, or any protective order or confidentiality stipulation entered into in this matter, a redaction or confidentiality designation may be "burned" onto the document's image at a location that does not obliterate or obscure any information from the source document.

   f. <u>De-NISTing</u>. Electronic file collections will be De-NISTed, removing commercially available operating system and application file information contained on the current NIST file list.

   g. <u>De-duplication</u>. You may globally de-duplicate identical ESI as follows:

    i. Electronic Files. Duplicate electronic files may be identified based upon a commercially accepted method (e.g., MD5 or SHA-1 hash values) for binary file content. All

4

files bearing an identical value are a duplicate group. You may produce one document image or native file for duplicate ESI documents within the group.

ii. Email Files. Duplicate messaging files may be identified based upon a commercially accepted method (e.g., MD5 hash values) for the email family, which include the parent email and attachments. Duplicate messaging materials will be identified at a family level, including message and attachment(s). Email families bearing an identical value are considered a duplicate group. You may produce one document image or native file for duplicate ESI documents within the group.

iii. Email Threading. You may use "email thread suppression." As used in this protocol, email thread suppression means reducing duplicative production of email threads by producing the most inclusive email containing the thread of emails, as well as all attachments within the thread, and excluding emails constituting duplicates of emails within the produced string. For purposes of this paragraph, only email messages in which the parent document and all attachments are exactly the same will be considered duplicates.

h.    <u>Production Media</u>. You may produce documents via a secure file transfer mechanism and/or on readily accessible, computer or electronic media as Plaintiff may hereafter agree upon, including CD-ROM, DVD, or external hard drive (with standard PC compatible interface) ("Production Media"). All Production Media will be encrypted and you must provide a decryption key to Plaintiff in a communication separate from the production itself. Each piece of Production Media will be assigned a production number or other unique identifying label corresponding to the date of the production of documents on the Production Media as well as the sequence of the material in that production.

7.    <u>Anti-Spoliation</u>

You are hereby given notice to immediately take all steps (including handrails) necessary to prevent the destruction, loss, concealment, or alteration of any paper, document, or electronic data generated by and/or campground on any device in your or your law firm's possession, custody, or control relating to the information requested in these requests.

The information that you should preserve includes (by way of example and not exhaustive list) potentially relevant information electronically, magnetically, or optically stored as: digital communications (e-mail, voicemail, text messaging, instant messaging, internet posts); word processing documents (e.g. MS Word); spreadsheets and tables (e.g. MS Excel); accounting application data (e.g. Quicken, Peachtree); image and facsimile files (e.g. PDF, TIFF, JPG, GIF, RAW files); sound recordings (e.g. WAV and MP3 files); video and animation; databases; contact and relationship management data; internet profiles and logs (e.g. Twitter, Facebook, blogs, match.com); online access data (e.g. temporary, Internet files, browser history, and cookies); presentations; network access and server activity logs; project management application data; all data created by/with the use of any smartphone or tablet); and back-up or archival files.  This demand applies to all electronic data already in existence and that is created on a going-forward basis, on any device. Adequate preservation of electronic data requires more
than simply refraining from efforts to destroy or dispose of such evidence. You must also intervene loss due to routine operations and employ proper techniques to safeguard all such evidence.

8.    The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context and shall not be interpreted to exclude documents otherwise within the scope of the request.

9.    The use of the singular form of any word includes the plural and vice versa.

6

## Definitions

For purposes of these requests for production, including definitions, explanations, instructions, and the responses submitted thereto, the following definitions shall apply unless otherwise indicated:

a)      The term "you" or "your" refers to Defendants, and/or the person answering these requests for production, plus your employees, former employees, agents, attorneys, and any other persons who are in possession of or may have obtained documents for or on behalf of Defendants.

b)      "Document" or "documents" includes all recorded or documented forms of communications, including but not limited to internal emails (emails between current or former employees, agents, officers, or representatives of Defendants) and external emails (emails between current or former employees, agents, officers, or representatives of Defendants and any third party), that are within the possession, custody, or control of Defendants or available to Defendants upon reasonable inquiry.

c)      "Document" or "documents" means all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, concerning in any way the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies or draft versions of any of the following: records; notes; summaries; schedules; contracts; agreements; drawings; sketches; invoices; orders; acknowledgements; diaries; reports; forecasts; appraisals; memoranda of telephone or in-person conversations by or with any person; any other memoranda, letters, telegrams, telexes, telefacsimiles, or electronic mail (e-mail) communications prepared, drafted, received or sent; tapes; transcripts; recordings; photographs; pictures; films; computer programs or data, or other graphic, symbolic, recorded, or written materials of any nature whatsoever. Any document that contains any comment, notation, addition, insertion, or marking of

7

any kind which is not part of another document is to be considered a separate document. The terms

"document" and "documents" also include "electronic data," as that term is defined below.

d)        "Electronic data" includes, but is not limited to, electronic mail messages and any

electronic folder or subfolder containing such messages; any other electronic messages, including

text messages, electronic bulletin boards and/or intranet or internet web sites or postings; activity

listings of electronic mail receipts and/or transmittals; electronic calendars or planners; electronic

documents or files created by or stored in Microsoft Word, Word Perfect or any other word-

processing or document-creation applications; electronic spreadsheets, graphs, charts, records or

other similar files or documents created by or stored in Microsoft Excel, Quicken, or any similar

applications; electronic data, documents, files, or records created by or stored in Microsoft Access,

Oracle, or any other data-management system or application; electronic documents, images, or files

created by or stored in a ".tiff" or other similar format; electronic documents or files created by or

stored in a ".pdf" or other similar format; electronic documents, files, or pages created by or stored

in an ".html" or other similar format; electronic log or cookie files created by any application or

operating system; voice mail; digital audio or video recordings of any kind; computer programs or

applications; programming notes or instructions; output resulting from the use of any software

program; all miscellaneous electronic files and/or file fragments regardless of the media on which

they are stored and regardless of whether the data resides in an active file, deleted file, archived file,

slack space or file fragment, and any other electronic document, file, or data created by or stored in

any enterprise, proprietary, shrink-wrap data-management program or application, any operating

system or other computer software application or other program whatsoever.

e)        "Electronic data" also includes, but is not limited to, all of the items and data

described above or any other similar items or data stored or archived on personal computers,

8

including desktop, notebook or laptop computers or personal digital assistants; hard drives of any kind; magnetic media diskettes; compact disks, including but not limited to CD-ROMs and DVDs; computer chips; servers, including portable servers; and any other digital or magnetic device whatsoever.

     f)      "Electronic data" also includes, but is not limited to, all of the items and data described above or any other similar items or data stored or archived on computers or any device that was used by former employees which is in your or your attorney's or other representative's possession, custody, or control.

A request to produce "electronic data" means Plaintiff is requesting that you provide the responsive electronic data in its native-application electronic format on read-only media. When producing electronic data in its native-application format, include all metadata. If the responsive electronic data is not portable, identify the non-portable but responsive electronic data and identify potential electronic production formats for Plaintiff's consideration. In the alternative, identify a mutually agreeable time for Plaintiff to inspect the responsive electronic data in its native electronic environment.

## **Requests**

     1.      Produce copies of all documents identified in Defendants' answers to all interrogatories, including supplemental interrogatories, served by Plaintiff or any other party upon Defendants.

     2.      Produce copies of all documents obtained by Defendants or anyone acting on Defendants' behalf via subpoena, Subpoena Duces Tecum, signed authorization form, or other legal process.

3.    Produce copies of all statements, whether written or recorded on a tape recorder or otherwise, given by Plaintiff or any employee, agent, or representative of Defendants.

4.    Produce copies of all statements given by either eye witnesses or other witnesses to the incidents and matters related to the subject lawsuit which are in the possession of the Defendants, whether written or recorded or on a tape or otherwise.

5.    Produce copies of all documents and materials of any type Defendants have provided to a testifying expert witness.

6.    Produce copies of all documents and materials of any type a testifying expert witness has provided to Defendants.

7.    With regard to any expert witness the Defendants intend to call as a witness at the trial of this case, please produce:

    (a)    All documents, including a curriculum vitae, that Defendants contend will establish the expert's qualifications to testify at trial.

    (b)    A copy of all reports prepared by the expert;

    (c)    A copy of each expert's field notes;

    (d)    A copy of all photographs or videotapes taken, utilized, reviewed, or consulted by the expert;

    (e)    A copy of all diagrams or drawings prepared by the expert;

    (f)    A copy of the fee agreement with the expert;

    (g)    A copy of the time and billing records of the expert;

    (h)    A copy of all articles, treatises, publications, or other authoritative documents which the expert utilized, consulted, or in any way reviewed in the subject action;

    (i)    A copy of all articles, treatises, publications, or other authoritative documents which support the expert's opinions in this action;

    (j)     A copy of all articles, treatises, publications, or other authoritative documents which do not support the expert's opinions in this action;

    (k)    All testing related to the expert's opinion;

    (l)     All documents which establish that the expert's opinion is generally accepted in the witness's specified field of expertise; and

    (m)   All documents indicating that the expert's opinions were subject to peer review.

8.    Produce copies of all statements, memoranda, reports, photographs, plats, diagrams, and materials of any type which in any way might relate to the subject action.

9.    Produce copies of all documents and tangible things of whatever nature and description which Defendants intend to introduce into evidence or to use for impeachment purposes or as any type of evidence, real or demonstrative, at trial of this case.

10.    Produce copies of all background investigations and private investigator reports which relate to the subject incident or to any party or witness involved in the subject action.

11.    Produce copies of all public records obtained by Defendants or their attorney which relate to any party, witness, or issue in the subject action.

12.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019 to regarding floor maintenance, cleaning, and/or inspections.

13.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019 regarding the identification and reporting of unsafe conditions at the subject store.

14.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019 regarding the identification and reporting of unsafe conditions created during the operating hours of the subject store.

15.    Produce a copy of all manuals and similar type documents utilized by Defendants from January 3, 2016 through January 3, 2019 regarding the identification and reporting of unsafe conditions created during the operating hours of the subject store.

16.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019 regarding the management and the day-to-day operation of the subject store.

17.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019 regarding the hiring of persons who maintain, clean, and/or inspect floors at the subject store.

18.    Produce a copy of all manuals and similar type documents utilized by Defendants from January 3, 2016 through January 3, 2019 regarding the hiring of persons who maintain, clean, and/or inspect floors at the subject store.

19.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019 regarding the training of persons who maintain, clean, and/or inspect floors at the subject store.

20.    Produce a copy of all manuals and similar type documents utilized by Defendants from January 3, 2016 through January 3, 2019 regarding the training of persons who maintain, clean, and/or inspect floors at the subject store.

21.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019, regarding the supervision of persons who maintain, clean, and/or inspect floors at the subject store.

22.    Produce a copy of all manuals and similar type documents utilized by Defendants from January 3, 2016 through January 3, 2019 regarding the supervision of persons who maintain, clean, and/or inspect floors at the subject store.

23.    Produce a copy of Defendants' policies, procedures, and standards in effect on January 3, 2019 regarding the retention of persons who maintain, clean, and/or inspect floors at the subject store.

24.    Produce a copy of all manuals and similar type documents utilized by Defendants from January 1, 2016 through January 3, 2019 regarding the retention of persons who maintain, clean, and/or inspect floors at the subject store.

25.    Produce a copy of the entire employment file of all persons responsible for the maintenance, cleaning, and/or inspection of the floors of the subject store on January 3, 2019.

26.    Produce a copy of the entire employment file of all persons who hired, and/or managed, and/or supervised, and/or trained persons responsible for the maintenance, cleaning, and/or inspection of the floors of the subject store on January 3, 2019.

27.    Produce copies of all safety manuals utilized by Defendants in the last 10 years related to the maintenance, cleaning, and/or inspection of the floors of the subject store.

28.    Produce copies of all safety manuals utilized by Defendants from January 3, 2019 through January 3, 2019 related to the maintenance, cleaning, and/or inspection of floors at the at the subject store.

29.    Produce a copy of Defendants' "mission statements" in effect on January 3, 2019.

30.    Produce a copy of all documents and materials of any type provided to any other party to this litigation in response to any discovery request, or otherwise.

31.    Produce a copy of any release, covenant, or other documents executed by any party relating to the subject incident.

32.    Produce a copy of the minutes for the past ten (10) years of Defendants' committee meetings concerning safety, floor maintenance, floor cleaning, and/or floor inspections of stores.

33.     Produce all documents and materials of any type related to Defendants' determination of whether the subject incident was preventable/non-preventable.

34.     Produce a copy of all documents regarding an analysis, review, or investigation of the subject incident.

35.     Produce all documents which support each defense asserted in Defendants' Answer to the Amended Complaint.

36.     Produce all documents prepared by any and all agents, servants, employees, representatives, private investigators, and others, including but not limited to those hired by Defendants, who investigated the incident complained of in the subject action.

37.     Produce all video surveillance tapes of the subject store on January 3, 2019.

38.     Produce all video recordings of any type of the subject store on January 3, 2019.

JOYE LAW FIRM, L.L.P.

John Aylor, Esq.
5861 Rivers Avenue
North Charleston, SC 29406
Office: (843) 554-3100
Facsimile: 843-529-9180
jaylor@joyelawfirm.com
Attorneys for Plaintiff

North Charleston, South Carolina
This 5th day of January, 2022.

14

 **CT Corporation**

**Service of Process Transmittal**
01/11/2022
CT Log Number 540867570

TO:     KIM LUNDY- EMAIL
        Walmart Inc.
        GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
        BENTONVILLE, AR 72712-3148

RE:     **Process Served in South Carolina**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Ruiter Cindy // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Interrogatories, Requests |
| **COURT/AGENCY:** | Berkeley County Court of Common Pleas, SC<br>Case # 2021CP0802647 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 01/03/2019 - Wal-Mart Supercenter Facility #2928 - 605 Saint James Avenue in Goose Creek (Berkeley County), South Carolina |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/11/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | John W. Aylor<br>Joye Law Firm, L.L.P.<br>5861 Rivers Ave.<br>North Charleston, SC 29406<br>843-725-4260 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/12/2022, Expected Purge Date: 01/17/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



CERTIFIED MAIL

RETURN RECEIPT REQUESTED

9414 7266 9904 2188 4105 53



UNITED STATES POSTAGE
PITNE
02 1P     $ 008
0000940867    JAN
MAILED FROM ZIP CODE

 JOYE LAW FIRM    5861 Rivers Avenue
North Charleston, SC 29406

Via Certified Mail – Return Receipt Requested
C T Corporation System
Registered Agent for Wal-Mart Stores East, LP
(Wal-Mart Supercenter Facility #2928)
2 Office Park Court, Suite 103
Columbia, South Carolina 29223



Charleston   Summerville   Myrtle Beach
Columbia   Clinton

Please Reply To:
Joye Law Firm, L.L.P.
5861 Rivers Avenue (29406)
P.O. Box 62888
North Charleston, SC 29419-2888

TEL: (843) 554-3100
FAX: (843) 574-8830
TOLL FREE: 888-324-3100
WEB: www.joyelawfirm.com

John W. Aylor
Email: jaylor@joyelawfirm.com

January 6, 2022

**Via Certified Mail – Return Receipt Requested**
C T Corporation System
  Registered Agent for Wal-Mart Stores East, LP (Wal-Mart Supercenter Facility #2928)
2 Office Park Court, Suite 103
Columbia, South Carolina 29223

> Re:  <u>Cindy Ruiter vs. Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP;</u>
> <u>Wal-Mart Supercenter Facility #2928</u>
> Case Number: 2021-CP-08-02647
> Date of Incident:  1/3/2019

Dear  Sir and/or Madam:

Enclosed please find the Summons and Complaint in the above-referenced matter.  I have also
enclosed Plaintiff's Interrogatories to Defendant and Plaintiff's Requests for Production to
Defendant regarding the same.  The foregoing are hereby being served upon you for service of
process in South Carolina.

Please forward these documents to liability claims adjuster, Elisa Velasquez at Walmart Claims
Services, Inc., referencing claim number 8688102.  Ms. Velasquez's telephone number is (800)
527-0566.

Very truly yours,

**JOYE LAW FIRM, L.L.P.**

John W. Aylor

JWA/bas
Enclosures

 **CT Corporation**

**Service of Process Transmittal**
01/11/2022
CT Log Number 540872213

TO:    KIM LUNDY- EMAIL
       Walmart Inc.
       GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
       BENTONVILLE, AR 72712-3148

RE:    **Process Served in South Carolina**

FOR:   Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Ruiter Cindy // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Interrogatories, Requests |
| **COURT/AGENCY:** | Berkeley County - 9th Judicial Circuit Court, SC<br>Case # 2021CP0802647 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 01/03/2019, Store #2928, at 605 Saint James Avenue in Goose Creek (Berkeley County), South Carolina |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/11/2022 postmarked on 01/06/2022 |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | John W. Aylor<br>Joye Law Firm, L.L.P.<br>5861 Rivers Ave.<br>North Charleston, SC 29406<br>843-725-4260 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/12/2022, Expected Purge Date: 01/17/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



CERTIFIED MAIL

9414 7266 9904 2188 4105 46

RETURN RECEIPT REQUESTED



UNITED STATES POSTAGE
PITNEY BOWES
02 1P    $ 008.76
0000940867    JAN 06 202
MAILED FROM ZIP CODE 2940



JOYE
LAW FIRM

5861 Rivers Avenue
North Charleston, SC 29406

Via Certified Mail – Return Receipt Requested
C T Corporation System
Registered Agent for Wal-Mart Stores East, LP
2 Office Partk Court, Suite 103
Columbia, South Carolina 29223



Charleston   Summerville   Myrtle Beach
Columbia   Clinton

---

Please Reply To:
Joye Law Firm, L.L.P.
5861 Rivers Avenue (29406)
P.O. Box 62888
North Charleston, SC 29419-2888

TEL: (843) 554-3100
FAX: (843) 574-8830
TOLL FREE: 888-324-3100
WEB: www.joyelawfirm.com

John W. Aylor
Email: jaylor@joyelawfirm.com

January 6, 2022

**Via Certified Mail – Return Receipt Requested**
C T Corporation System
  Registered Agent for Wal-Mart Stores East, LP
2 Office Partk Court, Suite 103
Columbia, South Carolina 29223

> Re:   <u>Cindy Ruiter vs. Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP;</u>
>        <u>Wal-Mart Supercenter Facility #2928</u>
>        Case Number: 2021-CP-08-02647
>        Date of Incident:   1/3/2019

Dear  Sir and/or Madam:

Enclosed please find the Summons and Complaint in the above-referenced matter.  I have also
enclosed Plaintiff's Interrogatories to Defendant and Plaintiff's Requests for Production to
Defendant regarding the same.  The foregoing are hereby being served upon you for service of
process in South Carolina.

Please forward these documents to liability claims adjuster, Elisa Velasquez at Walmart Claims
Services, Inc., referencing claim number 8688102.  Ms. Velasquez's telephone number is (800)
527-0566.

Very truly yours,

**JOYE LAW FIRM, L.L.P.**

John W. Aylor

JWA/bas
Enclosures

ELECTRONICALLY FILED - 2022 Jan 18 3:45 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

STATE OF SOUTH CAROLINA
COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-08- 02647

Cindy Ruiter,

                        Plaintiff,

vs.

Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP; Wal-Mart Supercenter Facility # 2928; Izetta Roundtree,

                        Defendants.

**AMENDED SUMMONS**
(*Premises Liability*)
**(Jury Trial Requested)**

**TO THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to Answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Amended Complaint upon the subscriber at his office at 5861 Rivers Avenue, North Charleston, South Carolina 29406, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to Answer the Amended Complaint within the time aforesaid, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Amended Complaint.

                    **JOYE LAW FIRM, L.L.P.**

            By:      ⎯⎯⎯⎯⎯⎯⎯⎯*/s/ John W. Aylor*⎯⎯⎯⎯⎯⎯⎯⎯
                    John W. Aylor
                    SC Bar No.: 104469
                    5861 Rivers Ave.
                    North Charleston, SC 29406
                    Office:  843-725-4260
                    Fax:  843-529-9180
                    Email: jaylor@joyelawfirm.com
                    *Attorneys for Plaintiff*

North Charleston, South Carolina
This 18th  day of January, 2022.

1

STATE OF SOUTH CAROLINA
COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-08-02647

Cindy Ruiter,

                Plaintiff,

vs.

Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP; Wal-Mart Supercenter Facility # 2928; Izetta Roundtree,

                Defendants.

**AMENDED COMPLAINT**
(*Premises Liability*)
**(Jury Trial Requested)**

Plaintiff hereby alleges and pleads as follows:

1.      Plaintiff is a resident of the State of South Carolina.

2.      Defendants Wal-Mart Stores, Inc., Wal-Mart Inc., Wal-Mart Stores East, LP, and Wal-Mart Supercenter Facility # 2928 ("Wal-Mart Defendants") are foreign corporations that transact business in Berkeley County, South Carolina.

3.      Upon information and belief, Defendant Izetta Roundtree ("Roundtree") is a resident of Berkeley County, South Carolina.

4.      Wal-Mart Supercenter Facility # 2928 is a South Carolina entity located at 605 Saint James Avenue in Goose Creek (Berkeley County), South Carolina.

5.      At all relevant times, the most substantial part of the acts and omissions committed by Defendants giving rise to this action occurred in Berkeley County, South Carolina.

6.      At all relevant times, Wal-Mart Defendants were the owner, operator, and managing entity of Wal-Mart Supercenter Facility # 2928 located at 605 Saint James Avenue in Goose Creek (Berkeley County), South Carolina.

7.      Upon information and belief, at all relevant times, Wal-Mart Defendants were the employer and/or principal of Defendant Roundtree and exercised control over the conduct of

ELECTRONICALLY FILED - 2022 Jan 18 3:45 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

ELECTRONICALLY FILED - 2022 Jan 18 3:45 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

Defendant Roundtree and had the right to control the time, manner, method, and performance of Defendant Roundtree's employment and/or work.

8.    Upon information and belief, at all relevant times, Defendant Roundtree was an officer, director, agent, and/or employee of Wal-Mart Defendants and was acting within the course and scope of her employment and/or work with Wal-Mart Defendants as the manager or similarly titled position of the subject store.

9.    At all relevant times, Plaintiff was a business invitee and guest of Defendants and the subject store and properly and lawfully on the store premises.

10.    On January 3, 2019, Plaintiff was seriously injured when she slipped on a foreign substance, that was, and is believed to have been, blackberries, located on the floor around the produce section of the store resulting in Plaintiff falling to the floor.

16.    The condition of the floor around the produce section of the store before and during the subject incident constituted a dangerous, hazardous, and/or unsafe condition that was created by the actions and non-actions of Defendants or in the alternative, Defendants had actual or constructive notice of the condition and knew or should have known that the said condition constituted a dangerous, hazardous, and/or unsafe condition.

11.    At all relevant times, Defendants owed a duty to store patrons, including Plaintiff, to maintain the premises in a safe condition, conduct proper and thorough safety and other inspections of the premises, discover and identify unsafe and dangerous conditions, take safety precautions to warn of or eliminate unreasonable risks of harm to store patrons, including Plaintiff, and to act appropriately so as not to cause injury and damage to store patrons, including Plaintiff.

12.    At all relevant times, Defendants owed a duty to store patrons, including Plaintiff, to maintain, operate, and/or manage the premises in a safe and hazard-free condition and in the event of the existence of a dangerous, hazardous, and/or unsafe condition, Defendants owed a

3

ELECTRONICALLY FILED - 2022 Jan 18 3:45 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647

duty to store patrons, including Plaintiff, to warn of such a dangerous, hazardous, and/or unsafe condition and to remove such dangerous, hazardous, and/or unsafe condition.

13.    Defendants were negligent, grossly negligent, negligent per se, willful, wanton, and reckless and breached the duties owed to Plaintiff in one or more of the following ways:

a.    Creating dangerous, hazardous, and/or unsafe conditions on the premises;

b.    Overseeing the creation of dangerous, hazardous, and/or unsafe conditions on the premises;

c.    Failing to properly and thoroughly inspect the floor around the produce section of the store;

d.    Failing to properly maintain the floor around the produce section of the store;

e.    Failing to properly oversee that the floor around the produce section of the store was maintained in a safe condition and free of dangerous, hazardous, and/or unsafe conditions;

f.    Failing to properly safeguard against dangerous, hazardous, and/or unsafe conditions;

g.    Failing to warn store patrons, including Plaintiff, of the dangerous, hazardous, and/or unsafe conditions;

h.    Failing to properly hire, train, supervise, retain, and/or monitor Defendants' employees and agents;

i.    Failing to properly identify and report dangerous, hazardous, and/or unsafe conditions at the subject store;

j.    In failing to have, implement, maintain, and/or follow corporate policies regarding the manner in which employees and agents are to carry out duties and responsibilities so that the safety and well-being of store patrons is not jeopardized;

k.    In failing to adequately hire, train, supervise, and/or monitor the activities of employees and agents at the subject store;

l.    In failing to follow generally accepted standards of care applicable to the operation of a commercial entity like the subject store;

m.    In failing to follow generally accepted standards of care applicable to employees and agents;

4

n.    In violating the industry standard of care for owning, controlling, supervising, operating, and managing a commercial entity like the subject store;

o.    Failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances; and

p.    In such other particulars that may be established during the course of discovery or at the trial of this action.

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff described herein in violation of the statutes, laws, regulations, ordinances, industry standards, customs, and practices of the State of South Carolina and the United States.

14.    That Defendants' negligent, grossly negligent, negligent per se, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff were the direct and proximate cause of the incident and injuries described herein.

15.    That as a direct and proximate cause of Defendants' negligent, grossly negligent, negligent per se, careless, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff, Plaintiff has suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to her body, mental, emotional, and psychological damage, and loss of enjoyment of life.

16.    Defendants are liable to Plaintiff, including liability under the doctrines of *respondeat superior* and agency, for the negligent, negligent per se, grossly negligent, careless, reckless, willful, and wanton conduct of each Defendant and each Defendants' employees, agents, and/or subordinates, such conduct consisting of one or more of the particulars described herein.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for the injuries and damages sustained by Plaintiff described herein in an amount of actual and punitive damages to

ELECTRONICALLY FILED - 2022 Jan 18 3:45 PM - BERKELEY - COMMON PLEAS - CASE#2021CP080264Z

5

be determined by the trier of fact, for the costs of this action, and for such other and further relief

that this Court may deem just and proper.

<div align="center"></div>

                                                      Respectfully Submitted,

                                                      **JOYE LAW FIRM, L.L.P.**

By:            */s/ John W. Aylor*
                                                   John W. Aylor
                                                   SC Bar No.: 104469
                                                   5861 Rivers Ave.
                                                   North Charleston, SC 29406
                                                   Office:  843-725-4260
                                                   Fax:  843-529-9180
                                                   Email: jaylor@joyelawfirm.com

                                                   *Attorneys for Plaintiff*

North Charleston, South Carolina
This 18th day of January, 2022.

STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

Cindy Ruiter,

                    Plaintiff,

        vs.

Wal-Mart Stores, Inc.; Wal-Mart Inc.;
Wal-Mart Stores East, LP; Wal-Mart
Supercenter Facility # 2928; Izetta
Roundtree,

                    Defendants.

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
CASE NO.: 2021-CP-08-02647


**Acceptance of Service**


        The undersigned hereby acknowledges service of the Amended Summons and Complaint

on behalf of Defendants Wal-Mart Stores, Inc.; Wal-Mart Inc.; Wal-Mart Stores East, LP;

Wal-Mart Supercenter Facility # 2928; Izetta Roundtree in the above-captioned case this 4th

day of February, 2022.


                                        Lee Ellen Bagley, Esquire
                                        Attorney for Defendants

ELECTRONICALLY FILED - 2022 Feb 04 5:11 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0802647